IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARIA RAMIREZ ORTEGA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SQUATTERS ROAD HOUSE GRILL, et al.,<br><br>　　　　　Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00370-TC |

Plaintiff Maria Ramirez Ortega claims that while working as a prep cook for Defendant Squatters Road House Grill (Squatters), she "was subjected to discrimination, harassment and/or retaliation at the hands of coworkers and supervisors at Squatters over a period of time from 2006 or 2007 through September 2012." (Compl. ¶ 10, Dkt. No. 4.)  Based on Squatters' alleged misconduct, Ms. Ortega asserts five causes of action: discrimination under Title VII (Count I); discrimination under Utah Code Ann. § 34A-5-101, et seq. (Count II); punitive damages (Count III); intentional infliction of emotional distress (Count IV); and reservation to amend (Count V).[1]

Squatters has filed a Second Motion to Dismiss Complaint and Memorandum in Support (Dkt. No. 8), seeking dismissal of each of Ms. Ortega's causes of action.  After reviewing the parties' arguments and the relevant law, the court grants the motion to dismiss in part and denies it in part.

---

[1] Ms. Ortega's fifth cause of action appears to have been incorrectly labeled as a second Count IV.  (Compl. at 8.)  But, as explained below, this count will be dismissed on the grounds that a reservation to amend is not an independent claim. So the mislabeling is not significant.

## BACKGROUND

Maria Ramirez Ortega was hired by Squatters in 2006 or 2007 to work as a prep cook in Summit County, Utah. (Compl. ¶¶ 3, 8.) While working for Squatters from 2006 or 2007 through September 2012, Ms. Ortega's co-workers and supervisors called her names that were sexual and derogatory. (Id. ¶¶ 12-13.) When Ms. Ortega reported the name calling, Squatters failed to take action and instead gave Ms. Ortega warnings for complaining. (Id. ¶¶ 14-16.) In addition, Ms. Ortega was touched and groped multiple times by co-workers and supervisors while working at Squatters. (Id. ¶¶ 17-18.) In response to Ms. Ortega's complaints about the unwelcome touching and name calling, Squatters failed to take action, told Ms. Ortega "this was normal and she needed to put up with it," and told Ms. Ortega that if she continued to complain, she would receive warnings and lose her job. (Id. ¶¶ 19-20.) The name calling and touching continued, but because of Squatters' previous responses to her reports, Ms. Ortega did not inform her superiors or Squatters about the ongoing harassment. (Id. ¶¶ 21-25.)

Ms. Ortega's employment was terminated by Squatters in September 2012. (Id. ¶ 26.) She filed a discrimination charge with the Utah Labor Commission on December 19, 2012. (Id. ¶ 27.) On February 13, 2014, the United States Equal Employment Opportunity Commission (EEOC) mailed a Dismissal and Notice of Rights to Ms. Ortega's counsel. (Id. ¶ 28.) Ms. Ortega filed her complaint in this case on May 15, 2014. (Dkt. No. 3.)

## ANALYSIS

In response to Squatters' motion to dismiss, Ms. Ortega does not dispute that Count II should be dismissed because the Utah Antidiscrimination Act does not provide a private right of action. In addition, Ms. Ortega concedes that Count III should be dismissed because a cause of

action for punitive damages does not exist. Ms. Ortega's request for punitive damages will be considered part of her prayer for relief but will be dismissed as an independent claim. Finally, the complaint includes a fifth cause of action, "Reservation to Amend." (Compl. at 8, Dkt. No. 4.) Ms. Ortega's counsel confirmed at oral argument that this claim is merely what it states: a reservation to amend if necessary. The court recognizes Ms. Ortega's reservation of her right to amend the complaint, but the reservation will be dismissed as a separate cause of action. With no dispute that Counts II, III, and V should be dismissed, the court will only address the parties' arguments on Counts I and IV.

I.     **Count I: Discrimination Under Title VII**

In her first cause of action, Ms. Ortega alleges discrimination in violation of Title VII. To assert a claim under Title VII, a plaintiff must bring a civil action within ninety days of receiving a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Although Ms. Ortega filed her complaint on May 15, 2014, which was undisputedly before the statutory deadline, Squatters argues that Ms. Ortega did not bring her suit on this date because the docketed complaint was incomplete and defective under the Federal Rules of Civil Procedure. The full version of Ms. Ortega's complaint was not docketed until June 10, 2014. (Dkt. No. 4.) Squatters does not argue that Ms. Ortega's full complaint fails to state a claim under Title VII. Squatters instead asserts that Ms. Ortega's Title VII claim is untimely because she failed to file her full complaint before the ninety-day deadline. Ms. Ortega maintains that she did in fact file a full version of her complaint on May 15, 2014, but only four pages of the ten-page complaint were docketed.

To show that she timely filed her full complaint, Ms. Ortega presents two declarations from her attorneys, Scott Poston and David Mendoza, which describe the steps they took in filing

the complaint. Mr. Mendoza explains that he received the Notice of Rights from the EEOC on February 18, 2014. (Mendoza Decl. ¶ 3, Dkt. 9-2.) With this date of receipt, the parties agree that the deadline to file a civil action was May 18, 2014. (Reply to Pl. Ramirez Ortega's Resp. to Mot. to Dismiss (and Objections to Decl. of Scott Poston) at 1, Dkt. No. 11.)

In his declaration, Mr. Poston explains that on May 14, 2014, he emailed the Clerk of Court and attached an Application to Proceed Without Prepayment of Fees. (Email from Scott Poston, May 14, 2014, Dkt. No. 9-3.) Mr. Poston also attached Ms. Ortega's full complaint. (Id.) The next day, Mr. Poston spoke with the clerk and learned that without prepayment of a filing fee, there was no way to electronically file the application and complaint. (Poston Decl. ¶¶ 3-4, Dkt. No. 9-4.) So the clerk and Mr. Poston decided that a hard copy of the application and complaint would need to be delivered to the court. (Id. ¶ 4.)

Both Mr. Poston and Mr. Mendoza maintain that a full ten-page copy of the complaint was delivered to the court on May 15, 2014. (Id. ¶ 5, Mendoza Decl. ¶ 4.) Mr. Poston explains his theory of why the full complaint may not have been scanned and docketed, (Poston Decl. ¶ 7), but there is no evidence to support his speculation. In any event, the pertinent fact is that on May 15, 2014, only four pages of the complaint were scanned and entered into the docket. (Dkt. No. 3.) In response to a request from the clerk, Mr. Poston emailed a PDF copy of the full complaint on June 10, 2014. (Poston Decl. ¶ 8.) The copy of the complaint emailed on June 10, 2014, was identical to the copy previously emailed to the clerk on May 14, 2014. (Id.)

Squatters offers a competing declaration from Jeff Taylor, the court docketing/intake supervisor. (Taylor Decl., Dkt. No. 12.) Mr. Taylor states that he located the document received and filed by the court on May 15, 2014, and the document consists of only four pages. (Id. ¶ 4.)

Under the evidence presented by Ms. Ortega, she filed a full version of her complaint on May 15, 2014, which would mean she timely initiated her action. While Squatters' evidence is to the contrary, the conflicting evidence merely confirms that the parties dispute whether Ms. Ortega timely filed her full complaint.

And in any event, equitable tolling applies under the circumstances present here. The Supreme Court has "held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990).[2] Although equitable tolling is applied sparingly, Bailey v. Precision H2O, Inc., No. 2:08-cv-285 (TC), 2009 WL 249476, at *2 (D. Utah Feb. 2, 2009) (unpublished), the Supreme Court has explicitly "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." Irwin, 498 U.S. at 96.

Even if the court assumes that Ms. Ortega filed only four pages of her complaint on May 15, 2014, the filing of the complaint, even an incomplete version, shows that Ms. Ortega was actively pursuing her judicial remedies. For some reason, only four pages of Ms. Ortega's

---

[2] The Tenth Circuit has similarly concluded that the ninety-day limit is not jurisdictional and is subject to equitable tolling. See, e.g., Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996) ("[T]he requirement is not jurisdictional but is in the nature of a statute of limitations."). In at least one case, however, the Tenth Circuit listed "three procedural hurdles" that a Title VII plaintiff must clear before bringing suit, including filing suit before the ninety-day deadline, and stated that the court has "consistently described these requirements as jurisdictional prerequisites." Kinney v. Blue Dot Servs. of Kan., 505 F. App'x 812, 814 (10th Cir. 2012). But as explained above, the Supreme Court has held that the ninety-day timeline is subject to equitable tolling. Irwin, 498 U.S. at 95. At oral argument, Squatters' counsel agreed that the time limit is similar to a statute of limitations and may be tolled under exceptional circumstances.

complaint were scanned and docketed on May 15, 2014. But looking at this initial filing, which ends abruptly in the middle of the "General Allegations" section (Dkt. No. 3), it is clear that pages are missing and/or that the first four pages are part of a larger document. Indeed, when the clerk reviewed the complaint, he sent a request to Ms. Ortega's counsel for the rest of the document. (Dkt. No. 9-5.) Mr. Poston responded with the full complaint, which was identical to the version that he had emailed on May 14, 2014. (Dkt. Nos. 9-3, 9-5.) This is not a case where Ms. Ortega has "failed to exercise due diligence in preserving [her] rights." Irwin, 489 U.S. at 96. Instead, Ms. Ortega has actively pursued her case. Even if she filed a defective pleading, she did so during the statutory period. Under these circumstances, equitable tolling applies. Squatters' motion is denied to the extent it seeks dismissal of Ms. Ortega's Title VII claim.

**II.      Count IV: Intentional Infliction of Emotional Distress**

For Ms. Ortega's Count IV, which is her claim for intentional infliction of emotional distress, Squatters argues that the claim must be dismissed because it is preempted by the Utah Antidiscrimination Act (UADA). Ms. Ortega has not provided any argument or legal authority to oppose Squatters' preemption argument.

Two cases are particularly significant to the issue of preemption under the UADA. First, in Retherford v. AT&T Communications of Mountain States, Inc., 844 P.2d 949 (Utah 1992), the plaintiff asserted a retaliation claim against her employer and a separate claim for intentional infliction of emotional distress against her individual co-workers. Id. at 957. The plaintiff did not assert an intentional infliction of emotional distress claim against her employer. Id.  To determine whether the claims were preempted, the court adopted the "indispensable element test," under which "preemption depends on the nature of the injury for which the plaintiff makes the claim,

6

not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury." Id. at 965. Applying this test, the court held that the intentional infliction of emotional distress claim was not preempted because it was based on an injury distinct from the retaliation alleged against the employer. Id. at 967.

About ten years later, in Gottling v. P.R. Inc., 2002 UT 95, 61 P.3d 989, the court again addressed preemption and held that "the UADA preempts all common law causes of action from discrimination, retaliation, or harassment by an employer on the basis of sex, race, color, pregnancy, age, religion, national origin, or disability." Id. ¶ 21. Contrary to Squatters' argument, the court in Gottling did not "expressly disclaim[] Retherford as inapplicable to the issue of preemption under the UADA." (Second Mot. to Dismiss Compl. and Mem. in Supp. at 15 n.9, Dkt. No. 8.) Rather, the court distinguished Retherford because Gottling did not involve "a conflict between a specific statutory remedy and a common law remedy for a potentially different injury based on the same facts"; the court in Gottling was instead faced with a situation where the plaintiff had no remedy under the UADA. Id. ¶ 8, n.1. Even though its decision left the plaintiff without a remedy, the court in Gottling found "that the plain language of [the UADA] reveals an explicit legislative intention to preempt all common law remedies for employment discrimination." Id. ¶ 9.

Ms. Ortega's intentional infliction of emotional distress claim is based on alleged discrimination, retaliation, and harassment by Squatters. As such, it is a common law cause of action preempted under the Utah Supreme Court's broad holding in Gottling.

And even if Retherford is still good law on this issue, the facts in Retherford are distinguishable from the facts in this case. In Retherford, the plaintiff filed an intentional

infliction claim solely against her individual co-workers. The court found that the emotional distress caused by the co-workers' conduct was a distinct injury from the retaliation by her employer. Here, Ms. Ortega has not identified a separate, distinct injury underlying her intentional infliction of emotional distress claim. Ms. Ortega has not asserted claims against any of her individual co-workers or supervisors. And all of Ms. Ortega's claims against Squatters are based on the same allegations and injuries—namely, that Ms. Ortega was retaliated against and harassed, and she became emotionally distressed because Squatters knew about the harassment, allowed it to continue, and even told Ms. Ortega it was normal and she would have to put up with it. Ms. Ortega's exclusive remedy for these injuries, at least under state law, was an administrative claim against Squatters under the UADA. Ms. Ortega's federal law claims under Title VII remain, but Ms. Ortega's state law claim for intentional infliction of emotional distress must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Squatters' Motion to Dismiss (Dkt. No. 8) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks dismissal of Counts II, III, IV, and V of the complaint but is denied for Count I.

DATED this 29th day of December, 2014.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge