IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARIA RAMIREZ ORTEGA,<br><br>    Plaintiff,<br><br>vs.<br><br>SQUATTERS ROAD HOUSE GRILL, JOHN DOES 1–10, and XYZ ENTITIES 1–5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:14-cv-00370-TC-PMW |

Defendant Squatters Road House Grill (Squatters) filed a motion (ECF No. 36) asking the court to dismiss the action as a sanction for Plaintiff Maria Ramirez Ortega's failure to comply with a previous order, failure to attend a scheduling conference, and refusal to confer about amending the scheduling order or supplementing her initial disclosures. Ms. Ortega and her counsel[1] continually missed deadlines and have not adequately prosecuted her case against Squatters. Ms. Ortega has not filed any response to Squatters' motion to dismiss. For the reasons discussed below, the court dismisses the action with prejudice.

---

[1] When the court refers to Ms. Ortega throughout this Order, the court also means to include her counsel as well.

**BACKGROUND**

After filing this lawsuit, Ms. Ortega missed the scheduling conference on April 7, 2015. (Minute Entry, ECF No. 22.) She then failed to submit her initial disclosures by the April 22 deadline. After Squatters moved the court to compel her to submit her initial disclosures, the court announced that if Ms. Ortega

> fails to serve Squatters with initial disclosures . . . within fourteen (14) days . . . she will be subject to further sanctions pursuant to Federal Rule of Civil Procedure 37, sections (b)(2)(A) and (c)(1); Federal Rule of Civil Procedure 41(b); DUCivR 37-1; and DUCivR 42-2, <u>which may include dismissal of this action</u> . . . .

(Order 2, ECF No. 28 (emphasis added).) She did not give Squatters her initial disclosures within fourteen days. Instead, she produced her disclosures on October 7, 2015, which was twenty-seven days late. Squatters maintains that her disclosures were inadequate.

Squatters moved for an award of attorney's fees incurred to obtain the documents. The court granted Squatters' request and ordered Ms. Ortega to pay Squatters $2,793 within thirty days of the March 7, 2016 Order. (Order Granting Mot. Award Expenses & Denying Mot. Sanctions 3, ECF No. 35.) The Magistrate Judge warned Ms. Ortega "that failing to comply with her obligations . . . may result in a recommendation to [District Court] Judge Campbell that the case be dismissed for failure to prosecute." (<u>Id.</u>) So far, Ms. Ortega has not paid Squatters the $2,793 award; the deadline was April 6.

Squatters' counsel says it asked Ms. Ortega to confer about setting a new scheduling order and to supplement her initial disclosures. Over a month has passed and Ms. Ortega still has not responded.

**DISCUSSION**

If a party fails to appear at a scheduling or pre-trial conference or fails to obey a scheduling or pre-trial order, the court may sanction the offending party. Fed. R. Civ. P. 16(f)(1)(c). Possible sanctions include those found in Rule 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure. Id. Rule 37(b)(2)(A)(v) gives the court authority to dismiss an action in whole. A court should apply the factors discussed in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), before dismissing an action. Reinhardt v. Hopps, 590 F. App'x 755, 759 (10th Cir. 2014) (unpublished). The Ehrenhaus factors include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

965 F.2d at 921 (citations and alterations omitted). If these factors outweigh the court's "strong predisposition to resolve cases on their merits," then dismissal may be appropriate. Id.

**Actual Prejudice**

When a party's inactivity causes unreasonable delay and mounting attorney's fees, it prejudices the other party. Whatcott v. City of Provo, 231 F.R.D. 627, 631 (D. Utah 2005), aff'd, 171 F. App'x 733 (10th Cir. 2006) (unpublished); see also Valdez v. Salt Lake City Police Dep't, No. 2:13-cv-1135-RJS, 2015 WL 1731410, at *2 (D. Utah Apr. 14, 2015) (unpublished) (finding prejudice when the plaintiff refused to participate in discovery after repeated attempts).

For over a year, Squatters has not faced an active adversary. Squatters was forced to ask the court to order Ms. Ortega to produce her initial disclosures, and even then, she submitted them late. After the court awarded Squatters its attorney's fees, Ms. Ortega failed to pay them.

And Squatters says that Ms. Ortega will not respond to its request to discuss amending the scheduling order and for an update to her initial disclosures.

**Interference with Judicial Process**

By not complying with rules and court orders, a party interferes with the judicial process. Whatcott, 231 F.R.D. at 631; Valdez, 2015 WL 1731410, at *3.  Here, Ms. Ortega failed to share her initial disclosures at the outset of the suit, as Federal Rule of Civil Procedure 26(a)(1) requires.  Ms. Ortega failed to confer and attend the scheduling conference as Rules 26(f) and 16 require.  She even missed the court-set deadline for her disclosures.  Further, she has yet to pay the attorney's fee award.  All of this interferes with the judicial process.

**Culpability**

If a party is represented by an attorney and has been warned by the court about the importance of participating with the schedule, the court can infer willful conduct.  Whatcott, 231 F.R.D. at 631; Valdez, 2015 WL 1731410, at *3.  Ms. Ortega skipped the scheduling conference; failed to give her initial disclosures by the court-set deadline; refuses to pay the attorney's fee award; and has not responded to Squatters' present motion to dismiss.  Her disengagement cannot be mere absent-mindedness or an oversight.  She is willfully not participating.

**Advance Warning**

The court repeatedly and clearly warned Ms. Ortega that failure to participate in discovery and to comply with this court's orders could result in dismissal of her action.  The August 27 Order said that if she did not release her initial disclosures within fourteen days, the court might sanction her by dismissing the action.  (ECF No. 28.)  She did not release her disclosures within fourteen days.  The March 7 Order awarded attorney's fees to Squatters and

requested Ms. Ortega to pay within thirty days.  In that order, the Magistrate Judge said that Ms. Ortega had been notified that if she continually failed to comply with her obligations, the Magistrate would recommend dismissal for failure to prosecute.  (ECF No. 35.)  Despite these warnings, Ms. Ortega still missed her deadlines.

**Efficacy of Lesser Sanctions**

The court warned Ms. Ortega twice that failure to participate in the case would result in a dismissal.  These warnings were not effective; she still missed deadlines and is no longer conferring with Squatters.  She chose to ignore Squatters' current motion to dismiss even though the electronic filing system automatically notified her of its submission.  Lesser sanctions would not be effective.

In sum, the court finds that dismissal is the appropriate sanction for a party who has had two warnings, is not actively working on satisfying her pre-trial duties, and continues to disobey the court's orders.  The Ehrenhaus factors all weigh in favor of dismissal.

## ORDER

For these reasons, the court GRANTS Squatters' motion to dismiss (ECF No. 36) and DISMISSES the action with prejudice.  The clerk is instructed to close the case.

DATED this 20th day of May, 2016.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

5